UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEELEY HAMILTON,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 20-CV-11033

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED MARCH 31, 2021 (Dkt. 18), (2)
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (Dkt. 13), (3) DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (Dkt. 16), (4) DENYING AS MOOT PLAINTIFF'S ORIGINAL
MOTION FOR SUMMARY JUDGMENT (Dkt. 11) AND PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17), AND (5)
REMANDING THE CASE**

The parties filed cross motions for summary judgment.[1] This matter is presently before the Court on the Report and Recommendation (R&R) of Patricia Morris, issued on March 31, 2021 (Dkt. 18). In the R&R, the magistrate judge recommends that the Court (i) deny Defendant's motion for summary judgment (Dkt. 16);[2] (ii) grant Plaintiff's motion for summary

---

[1] Plaintiff filed her original motion for summary judgment on September 21, 2020 (Dkt. 11). Plaintiff subsequently filed the instant motion for summary judgment on November 12, 2020, "to correct the Brief in Support's citation format for citing to the record, to comply with the requirements of this Court's Rules." Pl. Mot. for Summ. J. ("MSJ") at PageID.467 (Dkt. 13). Accordingly, Plaintiff's original motion for summary judgment is denied as moot.

[2] Plaintiff appears to have inadvertently filed her response to Defendant's motion for summary judgment (Dkt. 17) as a motion. Accordingly, Court denies this "motion" as moot.

(Dkt. 13);[3] and (iii) remand the case to the Commissioner of Social Security for further administrative proceedings consistent with the R&R.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court adopts the R&R (Dkt. 18); denies Defendant's motion for

---

[3] Plaintiff's motion for summary judgment seeks (i) reversal of Defendant's denial of her application for benefits and entry of a judgment awarding Plaintiff benefits or, in the alternative, (ii) remand. Pl. MSJ at PageID.466-467. Because the magistrate judge recommends remanding the case, the Court construes the magistrate judge's recommendation that the Court grant Plaintiff's motion for summary judgment as a recommendation that the Court grant in part and deny in part Plaintiff's motion.

summary judgment (Dkt. 16); grants Plaintiff's motion for summary judgment (Dkt. 13) to the extent it seeks remand but denies Plaintiff's motion to the extent it seeks a reversal of the Commissioner's decision and an award of benefits; and, pursuant to 42 U.S.C. § 405(g), remands this case to the Commissioner for further administrative proceedings.

    SO ORDERED.

Dated: April 16, 2021                                s/Mark A. Goldsmith
       Detroit, Michigan                        MARK A. GOLDSMITH
                                                   United States District Judge